IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL A. PERSAUD,** | : No. 1:22-CV-1040 |
| Petitioner | : |
| | : (Judge Munley) |
| v. | : |
| | : |
| **SUPERINTENDENT KLINEFELTER,** | : |
| Respondent | : |

## MEMORANDUM

Petitioner Michael A. Persaud initiated the above-captioned *pro se* action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Persaud challenges his 2017 state convictions for various controlled substance offenses. Because Persaud's habeas claims are either procedurally barred or meritless (or both), the Court must deny his Section 2254 petition.

**I.   BACKGROUND**

In August 2017, following a jury trial, Persaud was convicted of multiple controlled substance and related offenses. See Commonwealth v. Persaud, No. 1521 MDA 2020, 2022 WL 778647, at *1 (Pa. Super. Ct. Mar. 15, 2022) (nonprecedential). Persaud was initially sentenced to 96 months' to 30 years' imprisonment but, after post-sentence motion practice and a subsequent hearing, he was resentenced to 84 months' to 25 years' incarceration. See id. This

sentence was ordered to run consecutively to his federal controlled substance convictions in Rhode Island. See id.

Persaud appealed, but the Superior Court of Pennsylvania affirmed his judgment of sentence. Commonwealth v. Persaud, No. 1615 MDA 2018, 2019 WL 4233950, at *1, 5 (Pa. Super. Ct. Sept. 6, 2019) (nonprecedential). It does not appear that Persaud filed a petition for allowance of appeal with the Pennsylvania Supreme Court.

Persaud then timely filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.*, in October 2019. See Persaud, No. 1521 MDA 2020, 2022 WL 778647, at *1. Eventually, post-conviction counsel was appointed. See id. However, PCRA counsel filed a Turner/Finley[1] no-merit letter seeking to withdraw representation and Persaud sought leave to proceed *pro se*. See id. The PCRA court ultimately permitted counsel to withdraw and allowed Persaud to represent himself during his post-conviction proceedings. See id., at *2. Hearings were held on Persaud's post-conviction claims in July and October 2020, and the PCRA court thereafter denied his PCRA petition. See id.

---

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc).

2

On March 15, 2022, the Superior Court denied Persaud's PCRA appeal. See Persaud, No. 1521 MDA 2020, 2022 WL 778647, at *1, 11. He did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Instead, he filed the instant Section 2254 petition in this Court. (See generally Doc. 1). Persaud moved twice for extensions of time file a supporting memorandum of law, which motions the Court granted, but he never filed any such supporting document. (See Doc. 11 at 1 n.1). Respondent filed a response to Persaud's Section 2254 petition. (See generally Docs. 19, 20.) Persaud did not file a reply or "traverse" and the time in which to do so has passed, so his habeas petition is ripe for disposition.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief. Id. § 2254(b)(1)(A). An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)); see also Johnson v. Williams, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." Carpenter, 296 F.3d at 146 (citations omitted). Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns. Martinez v. Ryan, 566 U.S. 1, 9 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 747-48 (1991); Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977)).

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Id. at 10 (citing Coleman, 501 U.S. at 750). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted). To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). If cause and

prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits." Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 (3d Cir. 2017), cert. denied sub nom. Gilmore v. Bey, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'" Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750). To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence. Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

### III. DISCUSSION

Persaud raises three grounds for relief in his Section 2254 petition, although some of his grounds contain subparts. He does not provide any factual or legal support for his claims. As best as the Court can ascertain, Persaud asserts the following grounds for relief: (1) the search warrant in his case was stale and lacked probable cause; (2) trial counsel was constitutionally ineffective for failing to (a) raise the search warrant issue, (b) move to suppress unspecified evidence, (c) file unspecified post-sentence motions, and (d) raise "any" defense; and (3) Persaud's due process rights were violated by the prosecution offering false testimony, by being denied witnesses during his PCRA proceedings, and by

5

being "mocked by the court as a joke." (See Doc. 1 at 5-9).[2] The Court finds that none of Persaud's claims warrant relief.

### A.  Ground One – Illegal Search Warrant

A continual refrain from Persaud's Section 2254 petition is that the search warrant in his case was stale and lacked probable cause. This claim, however, is not cognizable on federal habeas review.

It has long been settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976); see also Wallace v. Kato, 549 U.S. 384, 395 n.5 (2007). Even "[a]n erroneous or summary resolution" of a Fourth Amendment claim by the state court "does not overcome the bar" provided by Stone. Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002).

Persaud has not offered any reason why Stone's holding would not apply to his case. For example, Persaud has not shown that there was some "structural defect" in the state criminal process that prevented him from raising a pretrial Fourth Amendment challenge to the search warrant. See Marshall, 307 F.3d at

---

[2] Persaud includes a fourth ground for relief in his petition, (see Doc. 1 at 9), but in that claim he merely rehashes his previous claims concerning the allegedly illegal search warrant, witness issues, and ineffective assistance of counsel.

6

81-82; Boyd v. Mintz, 631 F.2d 247, 250-51 (3d Cir. 1980). Furthermore, Persaud received a merits determination on this claim during state post-conviction proceedings even though he had failed to properly raise it at trial or on direct appeal. See Persaud, No. 1521 MDA 2020, 2022 WL 778647, at *6-7. The PCRA court denied Persaud's challenge to the legality of the search warrant, and the Superior Court affirmed the PCRA court's decision. See id. Thus, because Persaud had an opportunity to fully and fairly litigate his Fourth Amendment claim in state court, this Court is barred from considering it on federal habeas review.

### B.    Ground Two – Ineffective Assistance of Counsel

In his second ground for relief, Persaud asserts four claims of ineffective assistance of counsel. Initially, the Court finds that most of Persaud's claims are ambiguous and fatally undeveloped. He contends, in conclusory fashion, that his attorney "did not file for supression [sic]," "did not file post[-]sentence motions," "did not raise any defense," and "did not raise search warrant issues prior to trial." (Doc. 1 at 6).

The first three claims are unreviewable because they lack adequate factual allegations to state a discernable habeas claim. See 28 U.S.C. § 2254 Rule 2(c)(2) (requiring petitioner to provide "the facts supporting each ground" for relief); United States v. Thomas, 221 F.3d 430, 437-38 (3d Cir. 2000) (explaining

7

that post-conviction claims that are "conclusory and too vague to warrant further investigation" may be summarily dismissed). The Court is unable to determine what evidence Persaud believes his trial attorney should have moved to suppress or what basis for suppression Persaud believes existed. Persaud likewise fails to identify what type of post-sentence motions should have been filed, or what "defense" should have been raised by his trial attorney. Without such basic facts, these ineffective-assistance claims are simply unreviewable and must be dismissed. See Thomas, 221 F.3d at 437-38.

Additionally, to the extent that Persaud is asserting an ineffective-assistance claim alleging that counsel should have moved for reconsideration of Persaud's revised sentence, see Persaud, No. 1615 MDA 2018, 2019 WL 4233950, at *5, or raised a particular defense at trial, those claims are also procedurally defaulted. Persaud did not adequately present any such claim in state court, nor has he established cause and prejudice to excuse the default. These claims, therefore, are unreviewable based on Persaud's procedural default. See Martinez, 566 U.S. at 9.

The only proper and exhausted claim of ineffective assistance of counsel that Persaud raises in ground two of his petition is his claim that trial counsel was ineffective for failing to challenge the legality of the search warrant. The Superior Court examined this claim and found that, because there was no defect in the

8

search warrant, Persaud's trial attorney could not have been ineffective for failing to raise a meritless challenge to the warrant. See Persaud, No. 1521 MDA 2020, 2022 WL 778647, at *7-8.

A collateral attack based on ineffective assistance of counsel is governed by the familiar two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, a criminal defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. Id. at 687-88. The defendant bears the burden of proving both prongs. See id. at 687.

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. Id. at 689. There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. Strickland, 466 U.S. at

694. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly circumscribed. The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable." Harrington v. Richter, 562 U.S. 86, 101 (2011); Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 546-47 (3d Cir. 2014). Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the state court's decision," a state court's determination that a Strickland claim lacks merit precludes federal habeas relief. Harrington, 562 U.S. at 101, 105 (citation omitted).

As noted above, Persaud properly exhausted his claim involving counsel's failure to challenge the search warrant. However, the Superior Court's determination of this Strickland claim was anything but unreasonable. The PCRA court had already performed a detailed and thorough analysis of the legality of the search warrant and found that it withstood constitutional scrutiny. See Persaud, No. 1521 MDA 2020, 2022 WL 778647, at *6. Persaud has not

identified any error with the PCRA court's legal analysis or factual findings. The Superior Court, therefore, acted reasonably when it found that Persaud's trial attorney had not been ineffective for failing to challenge a constitutionally firm search warrant. Persaud has thus failed to carry his burden to establish how the state court's determination on this claim was an unreasonable application of Strickland. Ground two warrants no relief.

### C.   Ground Three – Due Process Claims

In Persaud's final ground for relief, he contends that his due process rights were violated when "witnesses made false testimonies [sic]," he was "denied witnesses," and he was "mocked by the court as a joke." (Doc. 1 at 8).[3] Again, Persaud provides no supporting factual allegations (or legal authority) that would develop or clarify any of these claims. He does not even identify the witnesses who allegedly testified falsely, the witnesses he claims he was denied, or how he was "mocked" by the state court. As such, these conclusory and unsupported claims must be dismissed. See Thomas, 221 F.3d at 437-38.

Even if the Court attempted to divine Persaud's claims by combing through the state-court record, they are nonetheless meritless. Persaud's first due process claim—to the extent that it was raised in any state court—appears to

---

[3] Persaud also includes another challenge to the search warrant in this ground for relief, but that Fourth Amendment claim has already been addressed above.

11

implicate his general due process allegations that "the Commonwealth violated his right to due process from the time of his arrest and throughout his criminal proceedings." Persaud, No. 1521 MDA 2020, 2022 WL 778647, at *9. The Superior Court, however, determined that any such vague due process claim was waived because Persaud had failed to develop it and had failed to cite relevant authority. See id. (citing Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa. Super. Ct. 2007) (explaining that litigants must "present arguments that are sufficiently developed" for review and that the Superior Court "will not act as counsel and will not develop arguments on behalf of an appellant")). Accordingly, because Persaud failed to press this first due process claim through one complete round of state-court appellate review, it is procedurally defaulted and unreviewable.[4]

Persaud's second and third due process claims appear to target his PCRA proceedings. As best the Court can discern, Persaud is claiming that the PCRA court denied him the opportunity to present witnesses during the PCRA hearings and "mocked" him, thereby evincing judicial bias and violating his due process rights. These claims fall short for at least two reasons.

---

[4] The Court further observes that, because Persaud was representing himself during his post-conviction proceedings, he cannot assert a claim of ineffective assistance of counsel to attempt to establish cause for his procedural default.

12

First, Persaud is asserting that there were constitutional errors during his state post-conviction proceedings. But "alleged errors in collateral proceedings . . . are not a proper basis for habeas relief from the original conviction. It is the original trial that is the 'main event' for habeas purposes." Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004). Thus, federal habeas proceedings "are not the appropriate forum for [a petitioner] to pursue claims of error at the PCRA proceeding." Id.

Second, assuming only for argument's sake that Persaud's claims of PCRA court bias are cognizable, the Superior Court addressed these claims and did so reasonably. The panel first determined that, in response to Persaud's repeated assertion that he wanted to call witnesses, the PCRA court provided Persaud with explicit instructions on creating a witness list and even scheduled a second hearing, giving Persaud months to prepare and schedule witnesses. See Persaud, No. 1521 MDA 2020, 2022 WL 778647, at *4. The Superior Court also thoroughly reviewed and rejected Persaud's allegation of mockery based on the PCRA court referring to him by his wife's surname. See id. It "discern[ed] no bias" regarding this claim, affirming the PCRA court's reasoning that the use of the "Irizarry" surname happened on only four occasions, and each time occurred "during moments of both confusion and simultaneous talking." Id. (quoting PCRA Court Opinion, 3/1/21, at 38).

The Superior Court's determination on these due process claims was completely reasonable, and Persaud has not offered any argument or rebuttal to the contrary. Accordingly, even if such claims of PCRA court bias were cognizable on federal habeas review, they are nonetheless meritless.

## IV. CONCLUSION

Based on the foregoing, the Court must deny Persaud's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court will likewise deny a certificate of appealability, as Persaud has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). An appropriate Order follows.

Date: 11/29/23

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court